**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| OSCAR OTTONIEL CUX TZUNUN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 9:26-cv-862-JDK |
| | § | |
| WARDEN IAH SECURE ADULT DETENTION FACILITY, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Oscar Ottoniel Cux Tzunun's habeas petition under 28 U.S.C. § 2241. Docket No. 1. Petitioner previously filed a habeas petition that this Court dismissed on October 5, 2026. Because Petitioner's second petition relies on essentially the same arguments as his first, the Court finds that the second petition is an abuse of the writ of habeas corpus.

The Fifth Circuit has held that courts should dismiss a habeas petition as an "abuse of the writ" when a petitioner (1) "rais[ed] a claim in a subsequent petition that he could have raised in his first" or (2) "raise[d] the same claim a second time." *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020). Because Petitioner's second petition re-states his argument for relief under the Fifth Amendment's Due Process Clause, and raises claims that could have been raised previously, the petition is barred under the abuse-of-the-writ doctrine. *See, e.g.*, *Huynh v. Blanche*, 2026 WL 2386734, at *3 (N.D. Tex. Aug. 14, 2026) (finding that the petitioner's re-detention claim was covered by the abuse-of-the-writ doctrine). In any event, Petitioner's

argument fails on the merits, because it is still foreclosed by the precedential stay order issued in *Sosnava Rodriguez v. Ortega*. 183 F.4th 387, 388 (5th Cir. 2026) (mem.) (en banc) (granting the government's request for a precedential order staying the district courts' judgments pending rehearing by the full Court regarding claimed due process violations). Finally, Petitioner argues that his custody is unlawful because he was arrested without a warrant. But "[h]abeas is not an appropriate remedy for a warrantless arrest." *Atehortua Ortiz v. Warden, Eden Det. Ctr.*, 2026 WL 2295760, at *2 (N.D. Tex. July 20, 2026);

Accordingly, the Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**. All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **16th** day of **October, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE